Leo GAINES, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–12348.

Criminal Court of Appeals of Oklahoma.

Oct. 17, 1956.

Lewis F. Oerke, Durward F. Mathis, Lawton, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Owen J. Watts, Asst. Atty. Gen., for defendant in error.

BRETT, Judge.

Plaintiff in error, Leo Gaines, defendant below, was charged by information in the District Court of Comanche County, Oklahoma, with the crime of murder in that it was alleged that he ran down, on July 10, 1955, Daisey Johnson with his automobile and with felonious intent inflicted on her body mortal wounds from which she did die. He was tried by a jury, convicted of manslaughter in the first degree, and his punishment fixed at twenty years in the state penitentiary. Judgment and sentence were entered accordingly from which this appeal has been perfected.

The record, herein, discloses that there was bad blood existing between Daisey Johnson and the defendant, Leo Gaines; that the defendant had a wife and two grown children while Daisey Johnson was single; that he had previously been charged and convicted of burglary, sentenced to three years in the penitentiary, and was paroled after serving one year; and that on numerous occasions prior to the incident herein alleged, the principals were heard in violent quarrels. On the morning of July 10, 1955, about 6:00 A.M., the defendant and Daisey Johnson were observed in a violent quarrel at Daisey Johnson's home. During the quarrel, Leo Gaines was heard to use profane and obscene language toward the deceased, and was heard to threaten to kill her by cutting her heart out before night. The record shows the victim was living in mortal fear of Gaines and had planned to leave town if Gaines did not get her by 5:00 P.M. Daisey left her house and went to a neighbor's. The defendant left and later returned about 10:00 A.M. He was preceded by the victim but her presence was not known to him so he left again. He returned twice more. Between 10:00 and 11:00 A.M., he again returned to her house and she ran out of her front door. He began to chase her down the street brandishing his pocket knife. He was unable to catch her, so he returned, got in his automobile, and pursued her across an open field, driving his automobile into her as she was fleeing on foot, running the automobile over her body and inflicting wounds from which she died on July 12. When the officers arrested Gaines, he was found to be intoxicated. The record further shows that prior to the day in question, the defendant fired two shots at Daisey Johnson in her home, in August, 1954.

The defendant's defense was that he did not run over Daisey Johnson intentionally, but that he was pursuing her alongside of her in his automobile and she lost her footing as her feet became entangled in some grass or weeds and fell in front of his car. This defense is unworthy of belief when measured by the conduct of the defendant for more than a year preceding as well as the threats and his acts indicating violence against the decedent immediately prior to his running the automobile over her.

The defendant does not question the sufficiency of the evidence, however, but he attacks the trial court's instructions. In this connection he contends that the trial court erred in refusing to give his instruction defining excusable homicide in its entirety. It appears from the record, herein, that the trial court did give the requested instruction defining when a homicide would be excusable, but inadvertently failed to include the last paragraph of the defendant's requested instruction as follows: "Therefore, if you entertain a reasonable doubt as to whether or not Daisey Johnson's death was excusable as defined above, then it is your duty to resolve such doubt in favor of the defendant and return a verdict of 'Not Guilty'". He urges that the failure of the trial court to include in his definitio of excusable homicide the last quoted paragraph of the instruction amounted to a failure to completely instruct the jury as to the law involved in said cause.

In determining this contention, we must necessarily look to the instructions as a whole. In instruction No. 2, we find that the court correctly and completely instructed the jury on the proposition of the necessity of finding the defendant guilty beyond a reasonable doubt of the various degrees of homicide defined for them (i. e. murder,

manslaughter in the first and second degree), before they could return a verdict of guilty. In instruction No. 6, the court defined manslaughter in the first degree and then included in the instruction: "Unless it is committed under such circumstances as to constitute excusable homicide." In instruction No. 13, the court, in making an application of manslaughter in the first degree to the facts involved, likewise concluded that instruction as follows: "Unless it was committed under such circumstances as constitute excusable homicide."

■ It is therefore apparent that the trial court not only covered the issue of reasonable doubt as contained in the last paragraph of the requested instruction, but also directed the jury's attention, in instructions No. 6 and No. 13, to the trial court's definition of excusable homicide as contained in its instruction No. 9, which, of course, was all contained in the defendant's requested instruction No. 2. Under these conditions, the trial court's failure to give the matter omitted in the defendant's requested instruction was not error, since it was adequately otherwise covered.

■ It has been repeatedly held that when considered as a whole the instructions fairly and completely state the law applicable to the case, the instructions will be held to be sufficient. Holland v. State, Okl. Cr., 274 P.2d 792; Lamb v. State, 70 Okl. Cr. 236, 105 P.2d 799; Newton v. State, 56 Okl.Cr. 391, 40 P.2d 688.

■ The defendant's last proposition that the penalty imposed is excessive is wholly without merit when measured in light of the facts as reflected from the record. The defendant was most fortunate; the facts herewith presented would have warranted a conviction for murder.

The judgment and sentence is affirmed.

JONES, P. J., and POWELL, J., concur.